87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro Castanos RUIZ, Defendant-Appellant.
 No. 96-50033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1996.
Decided June 19, 1996.
 
 Before: WIGGINS, THOMPSON, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 Appellant Ruiz was originally charged with possessing a listed chemical, allegedly knowing it would be used to manufacture a controlled substance. Because the government believed it could not adequately prove the knowledge element of this crime, however, the parties negotiated a plea agreement to a lesser charge, importing merchandise subject to seizure in violation of 18 U.S.C. § 545. Because the district court was not satisfied with the sentencing possibilities agreed to by the parties and presented by the agreement, however, the court allowed Ruiz to withdraw his plea; and the parties started over. This time, they negotiated a plea to 18 U.S.C. § 1001, knowingly making a false statement to a U.S. Border Patrol official, complete with an Information. Neither the Information nor the plea agreement said anything about listed chemicals or controlled substances, only "merchandise." Nonetheless, the district court fashioned a sentence based on controlled substance considerations instead of false statements considerations.
 
 
 2
 Based on this record, the district court was obliged to sentence the defendant for false statements, and to do so using USSG § 2F1.1. The only exception from this treatment requires a stipulation by the parties that an offense more serious than the one specified in the agreement was committed by the defendant. See USSG § 1B1.2; Braxton v. United States, 500 U.S. 343, 346 (1991).
 
 
 3
 No such stipulation exists in this case. The government's contention that the information surrounding the withdrawn § 545 plea suffices as a stipulation that the defendant's offense of conviction is more serious than it appears on its face is manifestly wrong, both as a matter of law and a matter of fact. The final plea agreement specifically states that it "embodies the entire agreement between the parties and supersedes any other agreement, written or oral." No where is there any mention of precursor substances in this agreement. Moreover, Ruiz's counsel steadfastly refused at sentencing to stipulate that the earlier iteration of the offense could be considered. Even the government stated that the substance involved could not be considered as relevant. The government now concedes that Mr. Ruiz's sentence cannot stand if the earlier plea agreement cannot be considered as a way to increase his sentencing exposure. We accept the belated concession. Thus, Mr. Ruiz has been improperly held accountable for conduct involving precursor chemicals, conduct which is not in the offense of conviction and to which he did not plead guilty. Accordingly, the sentence Mr. Ruiz received was improper. We understand the district court's concerns, but under this plea agreement, the guidelines do not permit the latitude taken to sentence the defendant.
 
 
 4
 Mr. Ruiz has now served more time than the parties anticipated from the plea agreement and than he could have served if properly sentenced under 18 U.S.C. § 1001. Under the circumstances, we respectfully reverse his sentence and remand to the district court with direction (1) to enter on the record a sentence of "time served," and (2) to order Mr. Ruiz's immediate release from custody. Given the short time remaining before Mr. Ruiz's release pursuant to the erroneous sentence initially imposed, the mandate and order shall issue forthwith and be transmitted without delay to the district court for immediate execution. This court shall entertain no petitions for rehearing.
 
 
 5
 REVERSED AND REMANDED WITH INSTRUCTIONS. MANDATE TO ISSUE FORTHWITH.